IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANKLIN LEAL | § | |
| | § | |
| VS. | § | A-16-CV-679 LY |
| | § | |
| SINCLAIR BROADCAST GROUP, INC., | § | |
| SAN ANTONIO TELEVISION, LLC, | § | |
| AMY VILLARREAL IN HER | § | |
| INDIVIDUAL CAPACITY, AND | § | |
| ANA MARIA LAMAS IN HER | § | |
| INDIVIDUAL CAPACITY | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss (Dkt. No. 6); Plaintiff's Response to Rule 12(b)(6) Motion to Dismiss (Dkt. No. 11); and Defendants' Reply (Dkt. No. 14). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.   GENERAL BACKGROUND

Franklin Leal worked as a television news producer for the local Telemundo television station run by KEYE-TV, a Texas-based CBS Television affiliate. Leal, who is Hispanic, produced the Spanish language news segments for the television station until he was terminated on September 11, 2015. Leal alleges he was discriminated against, retaliated against, and ultimately fired because of his national origin and alleged mental disability.

On May 10, 2016, Leal filed this lawsuit in the 250th Judicial District of Travis County, Texas against Sinclair Broadcast Group, Inc.,[1] the owner and operator KEYE-TV, San Antonio Television, LLC, a subsidiary of Sinclair, Telemundo Austin KEYE-TV, Amy Villarreal, in her individual capacity, and Ana Maria Lamas, in her individual capacity ("Defendants").  Leal's lawsuit alleges (1) discrimination and hostile work environment claims under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act; (2) retaliation claims under Title VII and the TCHRA; (3) discrimination on the basis of, and failure to accommodate, his alleged mental disability under the Americans with Disabilities Act and the TCHRA; (4) intentional infliction of emotional distress under Texas law; and (5) wrongful discharge under Texas law.

On June 10, 2016, Defendants removed the case on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  Defendants now move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking the dismissal of Leal's IIED and wrongful discharge claims, and of the individual defendants.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on

---

[1] Plaintiff's Petition incorrectly refers to Sinclair Broadcast Group, Inc. as "Sinclair Broadcasting Group."

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

### III. ANALYSIS

#### A.  Improper Defendants

##### 1.  Telemundo Austin KEYE-TV

Leal has named "Telemundo Austin KEYE-TV" as a defendant in this case. Defendants point out that Telemundo Austin KEYE-TV is not a legal entity capable of being sued. Leal does not dispute this contention and in his response, he removed "Telemundo Austin KEYE-TV" from the style of this case. *See* Dkt. No. 11 at 1. It thus appears that he does not contest this portion of the motion. Because it is undisputed that Telemundo Austin KEYE-TV is not a proper legal entity, the Court recommends that the motion to dismiss be granted as to Telemundo Austin KEYE-TV.

##### 2.  Individual Defendants

In addition to bringing his discrimination claims against his employer, Leal has also brought these claims against his former manager, Amy Villarreal, and former supervisor, Ana Maria Lamas, in their individual capacities. However, Title VII, the TCHRA and the ADA only permit recovery against an "employer," not against an individual employee. There is no individual liability for employees under Title VII, the TCHRA or the ADA. *See Evans v. Greuschow,* 314 F. App'x 716, 718 (5th Cir. 2009) (holding that supervisor could not be found individually liable under Title VII); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("[T]here is no individual liability for employees under Title VII"); *Wellington v. Texas Guaranteed*, 2014 WL 2114832, at * 4 (W.D. Tex.

May 20, 2014) (holding that individual defendant must be dismissed because like Title VII, individuals cannot be held liable under the ADA); *McLennan v. Oncor Electric Delivery Co.*, LLC, 2012 WL 3072340, at * 3 (N.D. Tex. July 6, 2012) ("Plaintiff cannot maintain a suit against Individual Defendants under the ADA."), *aff'd*, 519 F. App'x 260 (5th Cir. 2013); *Vincent v. Coates*, 2004 WL 1787838, at *3 (N.D. Tex. July 2, 2004) ("[I]ndividual liability is not available under the TCHRA.") (citing *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.–Waco 2000, pet. denied)).  Leal has acknowledged that his claims against the individual defendants are improper.  *See* Dkt. No. 11 at 2 ("Leal recognizes that the statutory claims against the individual defendants . . . are impermissible.").  Based upon the foregoing, Amy Villarreal and Ana Maria Lamas must be dismissed form this lawsuit under Rule 12(b)(6).

**B.**     **Intentional Infliction of Emotional Distress Claim**

In addition to his statutory claims under Title VII, the TCHRA and the ADA, Leal asserts a Texas state law claim for intentional infliction of emotional distress ("IIED") against the Defendants. Specifically, Leal alleges that the Defendants:

> acted intentionally and recklessly in overloading him at work and removing financial and staff resources, calling the Austin Police Department and falsely reporting that Franklin Leal was a threat after he suffered a nervous breakdown, terminating Franklin Leal while he was out on medical leave and suffering a disability, hiring additional security to keep Franklin Leal off the premises, defaming his person and character among his prior co-workers by creating false allegations, and creating a false situation to have him evicted and terminating his health care and unemployment benefits. . . .

Petition at ¶ 24.  Leal relies on the same set of facts to support his statutory claims under Title VII, the TCHRA and the ADA.  In *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex.1998), the Texas Supreme Court recognized that an IIED claim is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant

intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." In *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004), the Court further elaborated that:

> The tort's clear purpose. . .was to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied. . . .  In creating the new tort, we never intended that it be used to evade legislatively-imposed limitations on statutory claims or to supplant existing common law remedies. Properly cabined, the tort simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results. Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available.

(citations omitted).  Thus, in *Hoffmann–La Roche,* the Court held that the plaintiff could not pursue both an IIED claim and a sexual harassment claim under the TCHRA against her former employer since the "CHRA provides a remedy for the same emotional damages caused by essentially the same actions, there is no remedial gap in this case and thus no support for the award of damages under the intentional-infliction claim." *Id*. at 450.  Therefore, "an IIED claim cannot be maintained if it is aimed at addressing the same type of wrong that a statutory remedy was designed to cover." *Bookman v. Aids Arms, Inc.*, 2014 WL 4968189, at * 5 (N.D. Tex. Oct. 3, 2014).  Because Leal has statutory remedies available to him under Title VII, the TCHRA and the ADA, he is precluded from bringing an IIED claim based upon the same allegations as those offered to support his statutory claims. *See Wiggins v. St. Luke's Episcopal Health System,* 517 F. App'x 249, 252 (5th Cir.) (finding that plaintiff's IIED claim was preempted by the TCHRA), *cert. denied*, 134 S.Ct. 396 (2013); *Jackai v. Affirmative Services, Inc.,* 2015 WL 264713, at * 5 (N.D. Tex. Jan. 21, 2015) ("Because Plaintiff has statutory remedies available to him under Title VII and the ADEA, he is unable to sustain a claim for IIED, and the court will dismiss this claim."); *Bookman*, 2014 WL 4968189, at

*6 ("In light of the fact that the IIED claim is based on the same allegations as those offered in support of the sexual harassment claim, the Court finds the IIED claim invalid."). Accordingly, Leal's IIED claim must be dismissed under Rule 12(b)(6).

**C.     Wrongful Discharge Claim**

Leal's Petition also asserts a wrongful discharge/termination claim under Texas law in which he contends that the Defendants breached his employment contract by: (1) "putting Franklin Leal in a position in which he was unable to perform his duties, responsibilities and obligations due to cuts in financial and staff resources. . ."; (2) "allowing the continuous bullying on a daily basis. . ."; (3) firing him while he was on medical leave; (4) making false reports to the police; (5) canceling his medical insurance and denying him unemployment benefits; and (6) wrongfully discharging him.

Defendants first argue that Leal's wrongful discharge claim should be dismissed because Texas is an employment at will state and does not recognize a general wrongful discharge claim. Defendants are correct that "the general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). *See also, East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888) and *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985). However, "[e]ither party to an employment-at-will relationship may impose modifications to employment terms." *Malone v. Ariba, Inc.*, 99 F. App'x 545, 552 (5th Cir. 2004) (quoting *Burlington Northern R. Co. v. Akpan*, 943 S.W.2d 48, 50 (Tex. App.-Ft. Worth, 1996). *See also*, *United Transp. Union v. Brown*, 694 S.W.2d 630, 632 (Tex. App. 1985, writ ref'd n.r.e.) (noting that although Texas is at will, "valid contractual limitations on the right to terminate may be imposed by

agreement of the parties."). In order to establish a wrongful termination claim, "an employee must first prove that he and his employer had a contract specifically depriving the employer of the right to terminate the employee at will." *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir.), *cert. denied*, 502 U.S. 984 (1991). "To rebut the presumption of employment at will, an employment contract must directly limit in a 'meaningful and special way' the employer's right to terminate the employee without cause." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 478 (5th Cir. 2000) (quoting *Rios v. Texas Commerce Bancshares, Inc.*, 930 S.W.2d 809, 815 (Tex. App.– Corpus Christi 1996, writ denied)). "An employee must also prove that the contract or agreement was in writing or, if oral, is enforceable under the statute of frauds." *Zimmerman*, 932 F.2d at 471.

Based upon the foregoing, Leal is permitted to assert a wrongful discharge claim under Texas law against his employer in this case. However, Leal's Petition fails to point to the specific contract at issue and fails to provide the Court with the contents of the alleged employment contract. In addition, Leal fails to allege that he had a written employment contract specifically depriving Sinclair of its right to terminate Leal at will. The Court is unable to determine at this point whether there was a valid employment contract and whether such a contract even required Sinclair to have good cause to terminate Leal. Accordingly, Leal has failed to plead a plausible wrongful discharge claim under Texas law. Instead of recommending dismissal of this claim, however, the Court recommends that the District Court permit Leal to re-plead his wrongful discharge claim to address these defects.

**D.      Summary**

Defendants' Motion to Dismiss should be granted in part and denied in part. Defendants Amy Villarreal and Ana Maria Lamas should be dismissed from this lawsuit because they are not proper defendants under the relevant statutes. The Court also finds that Leal's state law claim for

intentional infliction of emotional distress should be dismissed because he is precluded from bringing such a claim based upon the same allegations as those offered to support his statutory claims under Title VII, the ADA and the TCHRA.  Finally, the Court recommends that Leal be permitted to re-plead his wrongful discharge claim under Texas law.  The Court notes Leal's claims against Sinclair Broadcast Group, Inc. and San Antonio Television, LLC under Title VII, the ADA and the TCHRA remain in this lawsuit, as they were not the subjects of the motion to dismiss.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) be **GRANTED IN PART AND DENIED IN PART**. The Court **RECOMMENDS** that the District Court **DISMISS** Telemundo Austin KEYE-TV as a Defendant, as it is not a legal entity capable of being sued.  The Court **FURTHER RECOMMENDS** that Defendants Amy Villarreal and Ana Maria Lamas be dismissed from this lawsuit as they are not subject to suit.  In addition, the Court **RECOMMENDS** that the District Court **DISMISS** Franklin Leal's state law claim for intentional infliction of emotional distress from this lawsuit for failure to state a claim on which relief may be granted.  Finally, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss with regard to the state law wrongful discharge claim but permit Franklin Leal to file an Amended Complaint in order to re-plead this claim to cure the defects set out herein.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of September, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE