IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANKLIN LEAL | § | |
| | § | |
| VS. | § | A-16-CV-679 LY |
| | § | |
| SINCLAIR BROADCAST GROUP, INC. | § | |
| AND SAN ANTONIO TELEVISION, LLC | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Compel Arbitration (Dkt. No. 25); Amended Plaintiff's Opposition to Defendants' Motion to Compel Arbitration (Dkt. No. 28); Defendants' Reply in Support of Motion to Compel Arbitration and Dismiss (Dkt. No. 32); and Defendants' Objections to Plaintiff's Evidence Submitted in Opposition to Motion to Compel Arbitration (Dkt. No. 33).[1] The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. GENERAL BACKGROUND

Franklin Leal worked as a television news producer for the local Telemundo television station run by KEYE-TV, a Texas-based CBS Television affiliate. Leal, who is Hispanic, produced the Spanish language news segments for the television station until he was terminated on September 11, 2015. Leal alleges he was discriminated against, retaliated against, and ultimately fired because of his national origin and alleged mental disability.

---

[1]The Court **HEREBY DENIES** Defendants' Objections to Plaintiff's Evidence Submitted in Opposition to Motion to Compel Arbitration (Dkt. No. 33).

On May 10, 2016, Leal filed this lawsuit in the 250th Judicial District of Travis County, Texas against Sinclair Broadcast Group, Inc., the owner and operator KEYE-TV, San Antonio Television, LLC, a subsidiary of Sinclair, Telemundo Austin KEYE-TV, Amy Villarreal, in her individual capacity, and Ana Maria Lamas, in her individual capacity ("Defendants"). Leal's lawsuit alleges (1) discrimination and hostile work environment claims under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act; (2) retaliation claims under Title VII and the TCHRA; (3) discrimination on the basis of, and failure to accommodate, his alleged mental disability under the Americans with Disabilities Act and the TCHRA; (4) intentional infliction of emotional distress under Texas law; and (5) wrongful discharge under Texas law.

On June 10, 2016, Defendants removed the case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. On June 17, 2016, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking the dismissal of Leal's IIED and wrongful discharge claims, and of the individual defendants. See Dkt. No. 6. On September 26, 2016, the undersigned issued a Report and Recommendation recommending that the Motion to Dismiss be granted in part and denied in part. See Dkt. No. 20. Specifically, the Court recommended that the District Court dismiss Defendants Telemundo Austin KEYE-TV, Amy Villarreal and Ana Maria Lamas from this lawsuit as they were not subject to suit. The Court further recommended that the District Court dismiss Leal's state law claim for intentional infliction of emotional distress for failure to state a claim on which relief may be granted. Finally, the Court recommended that the District Court deny the Motion to Dismiss with regard to the state law wrongful discharge claim and permit Leal to re-plead his wrongful discharge claim under Texas law. The Court further noted that Leal's claims against Sinclair Broadcast Group, Inc. and San Antonio Television, LLC under Title VII, the ADA and the TCHRA remained in the lawsuit as they were not at issue in the Motion to Dismiss.

On December 22, 2017, the District Court adopted the Report and Recommendation in full and dismissed Leal's claims against Defendants Telemundo Austin KEYE-TV, Amy Villarreal, and Ana Maria Lamas and dismissed his state-law claim for intentional infliction of emotional distress with prejudice. Dkt. No. 23. The District Court denied the Motion to Dismiss with regard to Leal's state-law claim of wrongful discharge, and ordered Leal to file an Amended Complaint before January 6, 2017. On January 5, 2017, Leal filed his Amended Complaint against Sinclair Broadcast Group, Inc. and San Antonio Television, LLC., reasserting his employment discrimination, retaliation and hostile work environment claims under Title VII, the ADA, and TCHRA and re-pleading his state wrongful discharge claim and alleging that Defendants violated his Employment Agreement. In response, Defendants filed the instant Motion to Compel Arbitration and Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). in which they argue that the Employment Agreement Leal relies on contains an arbitration clause requiring Leal to submit all the claims asserted in this case to binding arbitration.

## II. ANALYSIS

In his Amended Complaint, Leal alleges that on October 11, 2013, he entered into "an enforceable employment contract" that limited the Defendants' right to discharge him "at will." Dkt. No. 24 at ¶ 26. Leal attaches a copy of the agreement to his Amended Complaint. He alleges that Defendants violated the Employment Agreement by wrongfully discharging him and failing to pay him through the contract term. In response, Defendants now claim—for the first time—that the Employment Agreement contains an arbitration clause that requires Leal to submit the claims raised in this lawsuit to arbitration. Defendants rely on the following language in the Employment Agreement:

> **ARBITRATION**. Except as specifically provided in Section 12, Employee and Employer agree to submit any dispute or controversy arising out of or relating to this Agreement including, but not limited to, claims of termination allegedly resulting

3

> from discrimination of any type, claims based on common law, contract, or statutorily created or protected rights or any other basis prohibited by law, exclusively to final and binding arbitration before a neutral arbitrator.
>
> ***
>
> Subject to the parties agreement that Employer's remedies for a violation or threatened violation of Section 1.2, Section 7 or Section 11 of this Agreement are not subject to the arbitration provisions of this Section 15, Employee and Employer agree that this arbitration shall be the exclusive means of resolving any dispute or controversy arising out of or relating to this Agreement, Employee's employment with Employer, or termination of Employee's employment, and that no other action will be brought by Employee in any court or other forum, including but not limited to, claims based on common law, contract, or statutorily created or protected rights.

Dkt. No. 25-2 at 9. Based on this language, Defendants argue that Leal must pursue his claims in arbitration and the case should be dismissed. In response, Leal contends that the Court should not enforce the arbitration clause because (1) the arbitration clause is procedurally and substantively unconscionable and/or (2) Defendants have waived their right to seek arbitration. The Court will address the waiver argument first.

**A. Waiver**

There is a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). However, "[t]he right to arbitrate a dispute, like all contract rights, is subject to waiver." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). Thus, "[a] party who has entered into an agreement to arbitrate must insist on this right, lest it be waived." *Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir. 2017). Although waiver of arbitration is not a favored finding, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). As the Fifth Circuit has explained:

> A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right. When one party reveals a disinclination to resort to arbitration on any phase of suit involving all parties, those parties are prejudiced by being forced to bear the expenses of a trial . . . . Substantially invoking the litigation machinery qualifies as the kind of prejudice . . .that is the essence of waiver.

*Id.* Under well-established Fifth Circuit precedent, a party waives its right to arbitrate if it (1) substantially invokes the judicial process and (2) thereby causes detriment or prejudice to the other party. *Janvey*, 847 F.3d at 243.

"A party generally invokes the judicial process by initially pursing litigation of claims then reversing course and attempting to arbitrate those claims." *Nicholas*, 565 F.3d at 907. As the Fifth Circuit has further explained, "[t]o invoke the judicial process, a party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010). As mentioned, Leal did not invoke the arbitration clause, but instead filed suit in state court. Defendants similarly did not invoke their rights under the clause, instead choosing to remove the case to this Court and then file a substantive motion to dismiss requesting that the Court dismiss several defendants and claims in this lawsuit. Defendants did not mention the arbitration clause in its removal or in the motion to dismiss. Defendants waited some eight months after Leal filed his original lawsuit in state court to invoke the arbitration clause.

Defendants contend that they did not substantially invoke the judicial process because they only filed a *partial* motion to dismiss which they contend is insufficient to "substantially invoke" the process.[2] However, in *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010), the Fifth Circuit

---

[2]In support of their argument that they did not substantially invoke the judicial process, Defendants rely on *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995), in which

observed that motions to dismiss "are not homogenous" and that "[i]n this Circuit, a bright-line rule is inappropriate for deciding whether a party has waived its right to arbitration." Rather, "the question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *Id.* (internal citations and quotations omitted). The Court further found that filing three motions to dismiss the plaintiff's complaint was enough to substantially invoke the judicial process. *Id.* The Court noted that the defendant partially succeeded on one of its motions to dismiss when the district court dismissed the plaintiff's breach of fiduciary duty claim with prejudice and noted that "[a] dismissal with prejudice for failure to state a claim is a decision on the merits." *Id.* Similarly, Defendants' motion to dismiss here sought the dismissal of Leal's wrongful discharge and IIED claims, as well as three parties—Telemundo Austin KEYE-TV and the individual defendants. Although Defendants contend in their reply brief that they only sought a partial dismissal and "did not seek complete dismissal" of Leal's case, in their Motion to Dismiss, Defendants specifically requested that "this Court dismiss Plaintiff's complaint for failure to state a claim." Dkt. No. 6 at 9. The District Court ultimately dismissed all of Leal's claims against Defendants Telemundo Austin KEYE-TV, Amy Villarreal, and Ana Maria Lamas, as well as Leal's IIED claim "WITH PREJUDICE." Dkt. 23 at 3. Thus, Defendants sought a decision on the merits in this case before attempting to arbitrate this case. "A party waives arbitration by seeking a decision on the merits before attempting to arbitrate." *Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480

---

the Court held that the defendant did not waive his right to arbitration despite having removed the case to federal court, filed a motion to stay and motion to dismiss. Unlike the instant case, the defendant in *Williams* filed its motion for stay pending arbitration as soon as it discovered that the dispute was subject to arbitration. In addition, the defendant only filed an answer and motion to dismiss *after* it had already filed the motion for stay pending arbitration. Under those facts, the Court found that the defendant did not waive its right to arbitration. Accordingly, Defendants' reliance on *Williams* is misplaced.

(5th Cir. 2009); see also, *Miller Brewing*, 781 F.2d at 498 ("Any attempt to go to the merits and to retain still the right to arbitration is clearly impermissible.").

By removing this case to Federal Court and filing a substantive motion to dismiss, Defendants demonstrated a clear and unmistakable "disinclination" to arbitrate this case. *See Petroleum Pipe*, 575 F.3d at 482 (holding that party invoked the judicial process by waiting a year after suit was filed to move for arbitration, removing case to federal court, filed counterclaims, participated in discovery and sought a ruling from the court on settlement agreement); *Nicholas*, 565 F.3d at 908 (finding that party invoked the judicial process by filing suit and pursuing claims for ten months before invoking her right to arbitrate); *Jallo v. Resurgent Capital Servs., LP and LVNV Funding, LLC.,* 131 F.Supp.3d 609, 614-15 (E.D. Tex. Aug. 7, 2015) (finding that party invoked judicial process by waiting ten months to move for arbitration after they had filed answers, motions to stay, motions for judgment on the pleadings and motions for extensions of time); *Parker v. ABC Debt Relief, Ltd. Co.*, 2011 WL 13156874, *2 (N.D. Tex. Nov. 4, 2011) (holding that defendant invoked judicial process by filing numerous motions to dismiss, filed answers and participated in discovery).

Also like the defendant in *In re Mirant Corp.*, Leal moved to compel arbitration only after the District Court denied the Motion to Dismiss with regard to the wrongful discharge claim and permitted Leal to file an Amended Complaint. Defendants should not be allowed "a second bite of the apple through arbitration." *Petroleum Pipe*, 575 F,3d at 482. "To hold otherwise would encourage litigants to delay moving to compel arbitration until they could ascertain how the case was going in federal district court." *In re Mirant Corp.*, 613 F.3d at 590 (internal quotation marks and citation omitted). "In essence, [Defendants] attempted to play 'heads I win, tails you lose,' which

7

is the worst possible reason for failing to move for arbitration sooner than it did." *Id.* Based upon the foregoing, the Court finds that Defendants substantially invoked the judicial process in this case.

**B.     Prejudice**

"In addition to invocation of the judicial process, the party opposing arbitration must demonstrate prejudice" before the Court will find a waiver of the right to arbitrate. *Nicholas*, 565 F.3d at 910. "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." *Id.*

Leal has been prejudiced by Defendants' delay in raising the arbitration clause. As noted, Defendants waited eight months before filing a motion to compel arbitration, during which time Defendants removed the case to federal court and obtained dismissal of some of Leal's claims. *See Nicholas*, 565 F.3d at 910 (finding that ten month delay without mentioning arbitration clause was prejudicial). "While delay in asserting the right to arbitrate will not alone result in waiver, such delay does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Id.* (internal citations and quotations omitted). During this delay, Leal was prejudiced by unnecessary litigation costs in defending against the removal, the motion to dismiss, and this motion to compel arbitration. *See In re Mirant Corp.*, 613 F.3d at 591 (finding that plaintiff was prejudiced by legal expenses incurred as a result of use of the federal court system). Leal's attorney has spent 586 hours on the litigation in this case since it was removed to federal court. See Attach. 2 to Dkt. No. 28. "These are precisely the expenses of litigation that arbitration is designed to avoid." *Nicholas*, 565 F.2d at 911. In addition, Leal has had to respond Defendants' Motion to Dismiss which has given Defendants a preview of Leal's litigation strategy. *See Parker*, 2011 WL 13156874 at * 3 (finding that plaintiff was prejudiced by not just litigation

8

costs but by having to respond to motions thereby giving defendants a preview of litigation strategy). Based upon the foregoing, the Court finds that Leal has been substantially prejudiced as a result of Defendants' invocation of the judicial process. Accordingly, the Court finds that Defendants have waived their right to arbitration.[3]

## III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Compel Arbitration (Dkt. No. 25) because Defendants have waived their right to arbitration.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

---

[3] Because the Court has found that Defendants waived their right to arbitration, the Court need not address Leal's alternative argument that the arbitration clause is unenforceable because it is unconscionable.

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of April, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE